**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas John Schwartz, | No. CV 10-2120-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Chase Home Finance, LLC, et.al., | |
| Defendants. | |

The court has before it defendants Chase Home Finance, LLC, CPCC Delaware Business Trust, and U.S. Bank, N.A.'s, motion to dismiss (doc. 5) and plaintiff Nicholas Schwartz's response to the motion to dismiss (doc. 10). Defendants did not file a reply. We also have before us plaintiff's motion to amend complaint (doc. 11). Defendants did not file a response.

Plaintiff originally filed this action alleging violations of the Home Affordable Modification Program ("HAMP"), breach of contract, and wrongful foreclosure on September 20, 2010 in the Superior Court of Arizona in Maricopa County. Defendants removed the case to this court on October 4, 2010 on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Defendants move to dismiss plaintiff's complaint under Rule 12(b)(6), Fed. R. Civ. P.

Plaintiff entered into a mortgage loan transaction, secured by a Deed of Trust, with

1   Chase to purchase property in Glendale, Arizona. Plaintiff resided in that home for
2   seventeen years until he defaulted on his mortgage obligation in 2009. Plaintiff then retained
3   the National Association of Consumer Advocates ("NACA") to assist him in submitting an
4   application to Chase for a loan modification under HAMP. NACA contacted Chase to begin
5   a modification process. According to plaintiff, Chase refused to negotiate with NACA,
6   ignored his application,[1] foreclosed on the property and initiated a forcible entry and detainer
7   action.
8        Plaintiff's complaint asserts four claims for relief: 1) breach of contract; 2) violation
9   of the duty of good faith and fair dealing; 3) violation of HAMP; and 4) wrongful
10  foreclosure. In his response, plaintiff abandoned his violation of HAMP claim, recognizing
11  that it fails as a matter of law because HAMP does not have an express or implied private
12  right of action. Defendants argue that plaintiff fails to plead any plausible claims for relief
13  and therefore his entire complaint should be dismissed.

## I. Motion to Dismiss

### A. Breach of Contract

16       To plead a breach of contract claim, plaintiff must allege the formation of a contract,
17  its breach, and damages. See Chartone, Inc. v. Bernini, 83 P.3d 1103, 1111 (Ariz. App.
18  2004). Before a third party can present a breach of contract claim, he must prove he is an
19  intended beneficiary of the contract. Klamath Water Users Protective Ass'n. v. Patterson,
20  204 F.3d 1206, 1210 (9th Cir. 2000). An intended beneficiary exists if "recognition of a right
21  to performance in the beneficiary is appropriate to effectuate the intention of the parties and
22  . . . the circumstances indicate that the promisee intends to give the beneficiary the benefit
23  of the promised performance. Id. at 1211.
24       Plaintiff appears to allege two separate breach of contract claims. First, plaintiff
25  contends that defendants violated HAMP by refusing to consider his application for a loan

---

[1] After foreclosing on plaintiff's home, however, Chase then contacted plaintiff to initiate the application process for a loan modification. Complaint, exhibit A.

- 2 -

1  modification. This claim fails because HAMP is a federal law, not a contract between
2  plaintiff and defendants. Plaintiff cannot assert a private right of action under HAMP, "even
3  disguised as a breach of contract claim." Marks v. Bank of Am., No. 03: 10-cv-08039-JAT,
4  2010 WL 2572988, *16 (D. Ariz. June 22, 2010). Second, plaintiff seems to argue that
5  Chase and NACA entered into some contract requiring Chase to accept loan modification
6  applications, and that by refusing to do so Chase violated that contract. Plaintiff fails to
7  identify the contract, identify the breached provision, or allege how he is an intended
8  beneficiary. Thus, even under the less stringent pro se standard, plaintiff's complaint fails
9  to assert a plausible breach of contract claim.

## B. Breach of Duty of Good Faith and Fair Dealing

Plaintiff next contends that Chase violated the covenant of good faith and fair dealing contained in a modification agreement. This claim contradicts plaintiff's allegations that Chase never entered into a loan modification agreement. While it is true that a covenant of good faith and fair dealing is implied in every contract, plaintiff must actually plead facts demonstrating the existence of the underlying contract. Plaintiff's own allegations contradict a finding that a loan modification contract existed between Chase and plaintiff.

Furthermore, even if plaintiff contended that Chase breached its duty of good faith and fair dealing implied in the Deed of Trust, plaintiff fails to allege that Chase acted to impair any of plaintiff's contract benefits. See Rawlings v. Apodaca, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986). Because plaintiff has not provided us with the Deed of Trust, we have no way of knowing the contract benefits to which plaintiff was entitled. See id. (stating that "the relevant inquiry will always focus on the contract itself"). Because plaintiff's complaint does not contain sufficient factual matter, which, if accepted as true, would state a claim for relief that is "plausible on its face," the claim must be dismissed. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## C. Wrongful Foreclosure

Plaintiff's final claim is asserted against all defendants and seeks damages for wrongful foreclosure. Plaintiff contends that "defendant Thayse," who is not actually a

- 3 -

1  named defendant, bought the property knowing that violations of the trustee statute had
2  occurred, and that the property was not purchased for fair market value.

3　　　　First, we note that plaintiff cannot assert a claim against an unnamed defendant.
4  Second, Arizona has not recognized a cause of action for wrongful foreclosure.  Even
5  Herring v. Countrywide Home Loans, Inc., No. CV06-2622-PHX-PGR, 2007 WL 2051394
6  at * 5 (D. Ariz. July 13, 2007), requires plaintiff to assert that he was not actually in default.
7  That is not the case here.

8　　　　Additionally, plaintiff simply cannot make conclusory statements alleging violations
9  of the trustee statute.  Plaintiff must plead facts to state a plausible claim that the trustee
10  statute was violated.  Accordingly we grant defendants' motion to dismiss plaintiff's wrongful
11  foreclosure claim.

12　　　　　　　　　　　　　**II. Motion to Amend**

13　　　　Rule 15(a)(1), Fed. R. Civ. P. permits a party to amend its pleading once as a matter
14  of right within 21 days after service of a motion under Rule 12(b), Fed. R. Civ. P.
15  Defendants filed their motion to dismiss on October 14, 2010.  Plaintiff did not file his
16  response and motion to amend until November 19, 2010, more than 21 days after the filing
17  of a Rule 12(b), Fed. R. Civ. P. motion.  However, because we granted plaintiff an extension
18  until November 19, 2010 to file a response (doc. 9), we will construe that extension to apply
19  to the time period in which to amend its pleading once as a matter of right.  Therefore, we
20  will grant plaintiff's motion to amend on condition that plaintiff comply with LRCiv. 15.1.

21　　　　LRCiv. 15.1 requires a party who moves for leave to amend to attach a copy of the
22  proposed amended pleading as an exhibit to the motion.  The proposed amended pleading
23  must indicate how it differs from the original pleading by bracketing or striking through the
24  text to be deleted and underlining the text to be added.  Since we have granted the motion to
25  amend, plaintiff must file the amended pleading in this court and then file and serve the
26  amended pleading on all parties within fourteen days of the filing of this order.

27　　　　We also urge plaintiff to seek the advice of counsel.  If he does not have a lawyer, he
28  may wish to call the Lawyer Referral Service of the Maricopa Bar Association at 602-257-

1 | 4434.

2 | It is ORDERED GRANTING defendants' motion to dismiss (doc. 5) and plaintiff's
3 | motion to amend (doc. 11).

4 | DATED this 13th day of December, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge