**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Nicholas John Schwartz, | ) | No. CV-10-2120-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Chase Home Finance, LLC, et. al., | ) | |
| Defendants. | ) | |

The court has before it defendants' motion to dismiss plaintiff's amended complaint (doc. 19) and plaintiff's response (doc. 23). Defendants did not file a reply.

This cause of action arises out of a mortgage loan transaction, secured by a Deed of Trust, that plaintiff entered into with defendants to purchase a home in Glendale, Arizona. Plaintiff resided in that home for seventeen years until he defaulted on his mortgage in 2009. Plaintiff sought a loan modification, but defendants did not accept plaintiff's application and instead initiated foreclosure proceedings. Plaintiff claims that he was eligible for a loan modification under the Home Affordable Mortgage Program ("HAMP"). By refusing to modify his loan and foreclosing on the property, plaintiff alleges that defendants violated the HAMP agreement defendants entered into with the federal government.

We dismissed plaintiff's original complaint for failure to state a claim, but granted leave to amend (doc. 13). Plaintiff's amended complaint is similar to his original complaint,

1  albeit fewer claims and more detail.  Plaintiff asserts three claims for relief: (1) breach of
2  contract; (2) violation of the covenant of good faith and fair dealing; and (3) violation of the
3  Arizona Deed of Trust Act.
4        We dismissed plaintiff's original breach of contract claim because we found that
5  plaintiff was essentially asserting a private right of action under HAMP, which does not
6  exist.  Plaintiff's amended complaint alleges substantially the same thing.  Plaintiff claims
7  that he is a third party beneficiary of HAMP, "and the contracts and agreements signed by
8  defendants under them."  Amended Complaint ¶ 40. Plaintiff alleges that defendants
9  breached HAMP by failing to consider his loan modification application.  Defendants argue
10 that HAMP is not a contract between plaintiff and defendants nor is plaintiff a third party
11 beneficiary of HAMP.
12       As we stated in our previous order, HAMP is not a contract between plaintiff and
13 defendants and HAMP does not contain a private right of action.  See also Puzz v. Chase
14 Home Finance, __ F. Supp. 2d. __, 2011 WL 395423, *4 (D. Ariz. 2011).  HAMP grants
15 Fannie Mae, not the individual borrowers, the right to sue to ensure compliance.  As the
16 Supreme Court recently stated, "[t]he absence of a private right to enforce the statutory [ ]
17 obligations. . . would be rendered meaningless if [  ]entities could overcome that obstacle
18 by suing to enforce the contract. . .instead " Astra USA, Inc. v. Santa Clara Cnty., __ U.S.
19 __, 131 S.Ct. 1342, 1348 (2011).  A party cannot circumvent the lack of a private right of
20 action by filing a breach of contract claim based on third party beneficiary status when the
21 statute does not demonstrate any intent to allow beneficiaries to enforce those terms.  Id. at
22 1348-49.  Moreover, the majority of courts, including those in this district, find that
23 borrowers are not third party beneficiaries of the HAMP services agreement.  See Hoffman
24 v. Bank of America, No. C 10-2171, 2010 WL 2635773 (N.D. Cal. June 30, 2010) (surveying
25 cases); see also Thomasson v. First Horizon Home Loans, No. CIV 10-08192, 2011 WL
26 1526969 (D. Ariz. April 22, 2011); Marks v. Bank of America, No. 03:10-cv-08039, 2010
27 WL 2572988, *5, 8 (D. Ariz. June 22, 2010).  Accordingly, we dismiss plaintiff's breach of
28 contract claim with prejudice.

1      Plaintiff's second claim for violation of the covenant of good faith and fair dealing
2 similarly fails. First, it is substantially the same claim that we previously dismissed. Second,
3 plaintiff cannot rely on the HAMP agreement as giving rise to the duty of good faith and fair
4 dealing because plaintiff does not have standing to assert such a claim nor is he an intended
5 third party beneficiary of HAMP.  And finally, plaintiff again does not allege that the
6 violation arises out of the Deed of Trust, the only contract to which plaintiff is a party. We
7 grant defendants' motion to dismiss the breach of the covenant of good faith claim with
8 prejudice.
9      Plaintiff's final claim alleges a violation of the Arizona Deed of Trust Act, A.R.S. §
10 33-801, et. seq.  Defendants construe this as a claim for wrongful foreclosure, which they
11 argue is not cognizable under Arizona law.  We already dismissed plaintiff's wrongful
12 foreclosure claim and plaintiff expressly abandoned it in the amended complaint.
13 Nevertheless, plaintiff does not point to a provision in the Arizona Deed of Trust Act which
14 is alleged to have been violated. Construing the complaint as liberally as possible, plaintiff
15 seems to argue that defendants' decision to foreclose instead of modify plaintiff's loan
16 agreement violates the Arizona Deed of Trust Act. There is no provision in the Arizona
17 Deed of Trust Act requiring a loan servicer to modify a loan agreement before, or instead of,
18 foreclosing on the property. This claim fails as a matter of law.
19      Accordingly, it is **ORDERED GRANTING** defendants' motion to dismiss (doc. 19).
20 Because we previously granted leave to amend, and because any further amendment would
21 be futile, we dismiss the amended complaint with prejudice.
22      The clerk shall enter judgment.
23      DATED this 18th day of May, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge